UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

ELIZABETH MALONEY, on behalf of herself and all others similarly situated,

                                  Plaintiff,

      -v.-

WATERMARK CONTRACTORS, INC., KEVIN MAHER and HUGH HARRIS

                                  Defendants.

------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/18/2022

Case No. 7:21-cv-05727 (NSR)

**[PROPOSED] ORDER GRANTING THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFF'S PROPOSED NOTICE OF SETTLEMENT**

The above-entitled matter came before the Court on Plaintiff's and Defendants' Joint Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of Plaintiff's Proposed Notice of Settlement ("Motion for Preliminary Approval"). After reviewing the Motion for Preliminary Approval, the Memorandum of Law in Support of the Motion for Preliminary Approval (the "Memorandum"), the Declaration of Brett R. Gallaway ("Gallaway Decl.") and supporting exhibits, the Court hereby finds as follows:

    A.    On December 1, 2021, Plaintiff, Elizabeth Maloney, filed a Motion for Preliminary Approval jointly with Defendants, Watermark Contractors, Inc., Kevin Maher and Hugh Harris (collectively, the "Settling Entities"), with respect to a proposed Settlement Agreement and Release ("Settlement Agreement").

    B.    In the Motion for Preliminary Approval, Plaintiff seeks class certification only for settlement purposes under Fed. R. Civ. P. 23 of all individuals who worked for Watermark

Contractors, Inc. as hourly paid non-exempt employees for the Settling Entities during the period from July 1, 2015 through the date of this Order. Collectively, Plaintiff and the Settling Entities are referred to as the "Parties."

C.	This Court has considered all of the submissions presented with respect to the Settlement Agreement.

D.	All capitalized terms in this Order that are not otherwise defined have the same meaning as used in the Settlement Agreement.

E.	NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1.	For the reasons set forth in Plaintiff's Memorandum, for purposes of settlement only, this Court finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met, warranting class and collective certification for purposes of effectuating settlement only. The Court hereby certifies the following class for settlement purposes only:

> All individuals who worked as hourly paid non-exempt employees for the Settling Entities between July 1, 2015 and the date of this Order.

2.	The Court finds that the Settlement Agreement is fair, reasonable and adequate, and should be preliminarily approved. The settlement will ensure prompt payment to the Class Members and avoid the risks and expense of continued litigation.

3.	The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the release of claims. Based on its review of the Settlement Agreement, the Memorandum, and the Court's familiarity with this case, the Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations between the Parties after Plaintiff's Counsel and Settling Entities'

Counsel had fully investigated the claims and became familiar with the strengths and weaknesses of the claims. The assistance of Martin Scheinman, as an independent mediator, during a full-day mediation session further supports the Court's finding that the settlement is not collusive. Based on all these factors, the Court finds that the Settlement Agreement has no obvious defects and is within the range of possible settlement approval such that notice to the Class Members as set forth in the Settlement Agreement is appropriate.

4. The Court approves McLaughlin & Stern, LLP as Class Counsel.

5. The Court approves Arden Claims Service LLC as the Claims Administrator.

6. The proposed Notice, attached as Exhibit 2 to Gallaway Decl., fully and accurately informs the Class Members of all material elements of the action and the proposed Settlement.

7. The Court finds that the Settlement Agreement satisfies all the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3).

8. The Parties propose to disseminate the Notice to the Class Members *via* First Class United States Mail to the last known address of each Class Member, in addition to dissemination *via* electronic mail in accordance with Sections 1.50 and 2.4 of the Settlement Agreement. The Court finds that the method of disseminating the Notice, as provided in the Settlement Agreement, is the best notice practicable under the circumstances and fully meets the requirements of federal law.

9. Based on the foregoing, the proposed Notice is hereby approved by the Court.

10. Within **five (5) days** after December 1, 2021, the Settling Entities shall pay 50% of the Gross Settlement Amount of Five Hundred Thousand Dollars and 00/100 ($500,000.00) into the Qualified Settlement Fund.

11. Within **fourteen (14) days** after the filing of this Order, in accordance with Section 2.4(A) of the Settlement Agreement, the Settling Entities will provide the Settlement Claims Administrator with the following information, in electronic form, for all Class Members: name, last known addresses, email addresses, social security numbers, dates of employment and job titles with dates (the "Class List"). Additionally, pursuant to Section 3.4(B)(1), on or before December 1, 2021, Settling Entities shall provide Class Records to Class Counsel for purposes of individual Class Member damage calculations.

12. Within **fourteen (14) days** after the receipt of the Class List, or as soon thereafter as practicable, the Settlement Claims Administrator will mail to all Class Members, *via* First-Class United States Mail, postage prepaid, the Notice and will email the same.

13. Each Class Member shall have **thirty (30) days** from the mailing of the Notice to object to or opt out of the Settlement with additional time for any Class Members to whom Notice was re-mailed as set forth in the Settlement Agreement.

14. The Court will conduct a Fairness Hearing* on __May 24__, 2022, at 4:00 [XXX p.m.] to address: (a) whether the proposed Settlement Agreement should be finally approved as fair, reasonable, and adequate; (b) Class Counsel's application for attorneys' fees and costs; and (c) Plaintiff's application for service payments. Class Counsel shall file a Joint Motion for Final Approval of the Settlement on or before __May 9__, 2022 [fifteen (15) days before the Fairness Hearing].

15.     Within **fourteen (14) days** after the Court issues the Final Approval Order the Settling Entities shall pay the remaining 50% of the Gross Settlement Amount of Five Hundred Thousand Dollars and 00/100 ($500,000.00) into the Qualified Settlement Fund.

16.     The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

Dated this  18th  day of  March , 2022.
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

\* = The Fairness Hearing will be held by AT&T Teleconference. To access the teleconference please follow these directions: (1) Dial the Meeting Number: (877) 336-1839; (2) Enter the Access Code: 1231334 #; (3) Press pound (#) to enter the teleconference as a guest.