USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___5/24/2022___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH MALONEY on behalf of herself and
all others similarly situated,

Plaintiff,

v.

WATERMARK CONTRACTORS INC., KEVIN
MAHER, and HUGH HARRIS,

Defendants.

Index No.: 7:21-cv-05727 (NSR)

### FINAL JUDGMENT GRANTING:
### (1) FINAL SETTLEMENT APPROVAL; (2) APPROVAL
### OF ATTORNEYS' FEES AND REIMBURSEMENT OF
### EXPENSES; AND (3) PLAINTIFF'S SERVICE AWARD

1.      Plaintiff commenced this action on July 1, 2021 by service and filing of a Complaint

on behalf of current and former hourly paid and non-exempt employees of Watermark.[1]  In her

Complaint, Plaintiff generally alleged that the Settling Entities violated the Fair Labor Standards

Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and New York Labor Law, Article 6, §§ 190 et seq.,

Article 19, §§ 650 et seq., and 12 NYCRR § 142-2, by denying overtime compensation to Plaintiff

and Class Members by paying them cash wages at straight time for all overtime hours worked in

excess of 40 per week.

2.      On August 3, 2021, the Settling Entities filed their Answer.  See Dkt. No. 15.

Initially, Defendants sought to limit the scope of the claims and discovery to the Named Plaintiff.

However, Class Counsel and counsel for the Settling Entities conferred and agreed to stay further

discovery, including depositions, and engage a private mediator to explore settlement of the claims

---

[1]      Unless otherwise defined, capitalized terms shall have the same meaning as used in the Joint Stipulation of
Settlement and Release (a/k/a the Settlement Agreement) (Dkt. No. 23-1).

{N0470860.1}

asserted in the Complaint. In furtherance of that agreement, the parties retained Martin Scheinman (the "Mediator"), an experienced and well-respected employment wage-and-hour mediator. Following pre-mediation discovery where voluminous time and payroll records for a representative sampling of the Class were produced by Defendants, Class Counsel carefully reviewed these records and created a comprehensive damage analysis. Additionally, Class Counsel spoke with a number of Class Members regarding their work experiences at Watermark and secured three detailed declarations from Class Members attesting to and supporting Plaintiff's allegations in the Complaint.  As a result, the parties proceeded to mediate this matter on a class-wide rather than on an individual basis.

3.      On October 14, 2021, during an all-day mediation session before the Mediator, Plaintiff and the Settling Entities reached an agreement in principle to settle Plaintiff's claims on behalf of herself and all other Class Members for $500,000.

4.      On January 11, 2022, the Parties filed a Joint Motion for Preliminary Approval of the Settlement.  By Order dated March 10. 2022, the Court granted preliminary approval of the Settlement; authorized dissemination of Notice to the Classes; and set a date to consider final approval of the Settlement and the application of Plaintiff's counsel for payment of attorneys' fees, reimbursement of expenses, and service awards to the Named Plaintiff (the "Preliminary Approval Order").

5.      The Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.*, requires that "[n]ot later than 10 days after a proposed settlement of a class action is filed with the court, each defendant that is participating in the proposed settlement…serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement[.]" 28 U.S.C. § 1715(b).

6.      As detailed in the Declaration of Aaron C. Schlesinger, Esq. in Support of Motion for Final Approval of Settlement, on April 1, 2022, Defendants served notices of the parties' settlement to the United States Attorney General and the attorneys general of each state where any identified class members reside according to Defendants' records. *See* Schlesinger Dec.

7.      The Defendants did not receive any indication from the United States Attorney General, the state attorneys general, or any other person or entity that any of the recipients of the letter would object to the Settlement Agreement reached between the parties. *See* Schlesinger Dec.

8.      On April 7, 2022, Notice of the Settlement was disseminated to Class Members. Among other things, the Notice contains relevant information about the nature of the lawsuit, including how the Individual Settlement Amounts will be calculated, attorneys' fees and expenses, the proposed service awards to the Named Plaintiff, and how Class Members can exclude themselves from the Settlement or object to the Settlement.

9.      On May 9, 2022, Plaintiff jointly moved for an Order: (1) granting final approval of the Settlement; (2) granting the application of Class Counsel for payment of attorneys' fees and reimbursement of expenses; and (3) granting service awards to the Named Plaintiff.  The Court held a hearing on that motion on May 24, 2022.

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Settlement Agreement, the Parties' briefs, declarations, and oral arguments in support thereof, and the proceedings in this action to date, as follows:

1.      Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of this action, all matters relating thereto and all the Parties.

3.      If, for any reason, the Settlement Agreement ultimately does not become effective, the Parties shall return to their respective positions in the Litigation as those positions existed immediately before the Parties executed the Settlement Agreement, and nothing stated in the Settlement Agreement or any other papers filed with this Court in connection with the Settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in the Litigation or in any other action.

4.      The Notice disseminated to Class Members pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances, was accomplished in all material respects, and fully meets the requirements of Federal Rule 23.

5.      Pursuant to Federal Rule 23, the Court grants final certification of the Class because it meets all of the requirements of Federal Rule 23(a) and (b)(3).

6.      Pursuant to Federal Rule 23(e), the Court grants final approval of the Settlement. The Court finds that the Settlement is fair, reasonable, and adequate in all respects and that it is binding on all Class Members and that no Class Member requested to opt out or object pursuant to the procedures set forth in the Preliminary Approval Order.  The Court finds that the Settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation.  The Court also finds that the Settlement Agreement is the result of arms'-length negotiations between experienced counsel representing the interests of Plaintiff, Class Members, and the Settling Entities, after thorough factual and legal investigation. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

7.      The Court further finds that the Settlement is adequate given: (i) the complexity, expense and likely duration of the Litigation; (ii) the reaction of Class Members to the Settlement, including the lack of any opt-outs or objections to the Settlement; (iii) the stage of the proceedings

and the amount of discovery completed; (iv) the risks of establishing liability and damages; (v) the risks of maintaining the class action through the trial; and (vi) that the Gross Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 86 (2d Cir. 2001); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

8.      The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted.  The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Class Members are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement Agreement.

9.      The Court has reviewed the Releases described in Section 2.11 of the Settlement Agreement and finds them to be fair, reasonable, and enforceable under the FLSA, Federal Rule 23, and all applicable law.

10.      The Court hereby grants Class Counsel attorneys' fees of $166,666.66 or 1/3 of the Gross Settlement Amount, which the Court finds to be fair and reasonable based upon: (i) the number of hours worked by Class Counsel during the Litigation; (ii) the results achieved on behalf of the Classes; (iii) the contingent nature of Class Counsel's representation; (iv) the complexity of the issues raised by the Litigation; (v) the absence of any objections to the request for attorneys' fees; and (vi) a lodestar cross-check, which reveals that Class Counsel will receive a modest multiple to their lodestar expended during the Litigation.

11.      The Court hereby approves Class Counsel's request for reimbursement of litigation expenses in the sum of $11,491.66, which expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting this case and separately awards costs to Arden

Claims Service, LLC for claims administration services in the amount of $12,500, both to be paid

from the Gross Settlement Amount.

12.     The Court hereby approves service awards of $10,000 for the Named Plaintiff based

upon the time, effort and commitment she expended in prosecuting the case on behalf of the Class.

13.     The Defendants have complied with the requirements of the Class Action Fairness

Act of 2005, 28 U.S.C. § 1711 *et seq*.

14.     The Complaint filed in this Litigation and all claims contained therein are dismissed

in their entirety with prejudice and without costs as to all Class Members other than those who

have opted-out of the Settlement.

15.     By operation of the entry of this Order and the Final Judgment, all Released Claims

are fully, finally and forever released, relinquished and discharged pursuant to the terms of the

release set forth in Section 2.11 of the Settlement Agreement as to all Class Members other than

those who have opted-out of the Settlement.

16.     The Parties entered into the Settlement Agreement solely for the purpose of

compromising and settling disputed claims.  The Settling Entities in no way admit any violation

of law or any liability whatsoever to Plaintiff and the Class, individually or collectively, all such

liability being expressly denied by the Settling Entities.

17.     The Order and Final Judgment is a final judgment in the Litigation as to all claims

among the Plaintiff, the Class Members who have not opted-out, and the Settling Entities.  This

Court finds, for purposes of Federal Rule 54(b), that there is no just reason for delay and expressly

directs entry of Judgment as set forth herein.

18.     This Order is contingent upon the Court's receipt of confirmation from counsel that

any notice required by 28 U.S.C. § 1715 has been served upon appropriate Federal and State

{N0470860.1}                                6

official(s).  Pursuant to 28 U.S.C. § 1715(d) and pending such confirmation, this Order will become

effective 90 days after the date on which the appropriate Federal and State official(s) were served

notice.

19.     The Court retains jurisdiction over this matter for purposes of resolving issues

relating to administration, implementation, and enforcement of the Settlement Agreement.

IT IS SO ORDERED.
             White Plains, NY
DATED:   May 24, 2022

_____

Hon. Nelson S. Roman
United States District Judge

Clerk of Court is requested to terminate the motions
at ECF Nos. 31 and 33.